O

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11   JAMES P. BARAJAS,              )   Case No. CV 10-07961 DDP (AGRx)
                                    )
12                  Plaintiff,      )   **ORDER GRANTING DEFENDANTS' MOTION**
                                    )   **TO DISMISS**
13        v.                        )
                                    )
14   COUNTRYWIDE HOME LOANS,        )   [Motion filed on 3/28/11]
     INC.; B ANK OF AMERICA, NA;    )
15   MORTGAGE ELECTRONIC            )
     REGISTRATIONS SYSTEMS, INC.,   )
16                                  )
                    Defendants.     )
17   _____ )

18        Presently before the court is the Motion to Dismiss filed by

19   defendants Countrywide Home Loans, Inc. ("Countrywide"), BAC Home

20   Loans Servicing, LP ("BAC"), and Mortgage Electronic Registration

21   Systems, Inc. ("MERS").  Having considered the parties' moving

22   papers and heard oral agrument, the grants the motion and adopts

23   the following order.

24   **I.  Background**

25        In 2007, Plaintiff obtained a loan from defendant Countrywide

26   and purchased real property at 6847 Thornlake Avenue, Whittier,

27   California 90606.  (First Amended Complaint ("FAC") ¶¶ 14-15).

28   Plaintiff executed a Promissory Note in favor of Countrywide and

made a Trust Deed listing Countrywide as "Lender" and MERS as "nominee for lender" and "beneficiary."[1]  (FAC ¶¶ 18- 19). Plaintiff later learned that BAC was the successor in interest to the Note and servicer of Plaintiff's loan.  (FAC ¶¶ 19, 92).

Sometime in 2008, Plaintiff began experiencing economic difficulties and sough to renegotiate the terms of his loan.  (FAC ¶¶ 90-91).  Plaintiff alleges that BAC representatives led him to believe that he "would likely qualify" for a loan modification. (FAC ¶ 94).  Plaintiff's requests for a loan modification were ultimately denied.  (FAC ¶¶ 96, 99).

Plaintiff alleges that he does now know who currently owns his note.  (FAC ¶ 64).  Through this action, Plaintiff seeks to "prevent the improper taking and/or foreclosure of his family home" and "to establish whom 'owns the debt' secured by the Plaintiff's Trust Deed and who has the right to notice a default and foreclose."  (FAC ¶ 4).  In his First, Fourth, and Fifth claims (collectively, the "foreclosure claims"), Plaintiff seeks (1) a declaration that no defendant has authority to foreclosure, (2) to quiet title against Countrywide, and (3) damages for BAC's alleged breach of the implied covenant of good faith and fair dealing in connection with its acquisition of Plaintiff's debt and authority to foreclose.  Plaintiff's Second and Third Claims (collectively, the "misrepresentation claims") allege misrepresentation against BAC in connection with Plaintiff's attempts to obtain a load modification.  Defendants now move to dismiss all claims.

---

[1] Plaintiff has not attached any exhibits to his First Amended Complaint or Opposition to Defendants' Motion for Summary Judgment.

2

**II. Discussion**

    A.  Wrongful Foreclosure Claims

Defendants argue that Plaintiff's foreclosure claims must be dismissed for failure to allege ability to tender. (Motion at 3). The court agrees. "When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for wrongful foreclosure." Alicea v. GE Money Bank, 2009 WL 2136969 *3 (N.D. Cal. 2009). The tender requirement spares courts from being called upon to "order a useless act performed" in cases where plaintiffs would be unable, even under proper sale procedures, to redeem a property. FPCI RE-HAB 01 v. E & G Investments, Ltd., 207 Cal.App.3d 1018, 1021-22 (1989).

Plaintiff correctly points out that district courts need not dismiss all foreclosure cases as a matter of law for failure to plead ability to tender. (Opposition at 5). For example, a trial court has discretion to apply the tender requirement where plaintiffs seek to rescind a loan under the Truth in Lending Act, 15 U.S.C. § 1625(b). Yamamoto v. Bank of New York, 329 F.3d 1167, 1171 (9th Cir. 2003); Del Valle v. Mortgage Bank of Col., 2010 WL 1813505 at *6, 9 (E.D. Cal. 2010).[2]

Nor is tender required when plaintiffs bring suit under California Civil Code section 2923.5. Das v. WMC Mortgage Corp., 2010 WL 4393885 *2 (N.D. Cal. 2010). Section 2923.5 requires loan

_____

    [2] Notably, both the Yamamoto and Del Valle courts did apply the tender requirement. Yamamoto, 329 F.3d at 1173; Del Valle, 2010 WL 1813505 *12.

holders to contact borrowers to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure."[3] Cal. Civ. Code § 2923.5(a)(2). As the Das court observed, voiding a foreclosure for failure to comply with Section 2923.5 would not be futile, even absent ability to tender, because the very purpose of Section 2923.5 is to facilitate loan modifications, avoid foreclosure, and thus obviate the need for the plaintiff to redeem the property. Das, 2010 WL 4393885 * 3.

Here, however, Plaintiff has not raised a California Civil Code section 2923.5 claim or a TILA claim. Though Plaintiff contends in his opposition that he is "not seeking to set aside the foreclosure sale," that assertion is flatly contradicted by Plaintiff's complaint, which states that Plaintiff seeks to "prevent the improper taking and/or foreclosure of his family home." (FAC ¶ 4). To maintain his wrongful foreclosure action, Plaintiff must allege ability to tender. Accordingly, Plaintiff's First, Fourth, and Fifth claims are dismissed, with leave to amend.

B.  Misrepresentation Claims

Defendants argue that Plaintiff's misrepresentation claims should be dismissed for failure to comply with Federal Rule of Civil Procedure 9(b). The court agrees. To comply with Rule 9(b), a complaint alleging misrepresentation must state the time, place, and content of misrepresentations, as well as the misrepresenting parties. Sanford v. MemberWorks, Inc., 625 F.3d 550, 558 (9th Cir. 2010). The complaint must be sufficiently specific "to give defendants notice of the particular misconduct so that they can

---

[3] Section 2923.5 became effective January 1, 2010.

4

defend against the charge." *Id*. (quotation, alteration, and citation omitted).

Plaintiff does not plead his misrepresentation claims with sufficient detail. Plaintiff alleges that "[i]n or about 2008" an unknown representative of BAC told Plaintiff he "likely qualified for a loan modification." (FAC ¶ 93). Plaintiff alleges that he was approved for a *trial* modification, but that ultimately his modification request was denied. (FAC ¶¶ 95-96). BAC later told Plaintiff that he "might be eligible" for a modification, then again denied his request. (FAC ¶ 98-99). Plaintiff alleges that BAC provided false information (FAC ¶ 134), but does not specify which of BAC's statements were false. Plaintiff's complaint provides no information about the size or terms of his loan, let alone payment history, while making bare assertions that BAC never intended to grant Plaintiff a loan modification . (FAC ¶ 123). Plaintiff's allegations are not sufficiently particular to satisfy Rule 9(b), and are therefore dismissed with leave to amend.

**III. Conclusion**

For the reasons stated above, Defendants' Motion to Dismiss is granted with respect to all claims, with leave to amend. Therefore, the plaintiff has 20 days from the date of this order to file a Second Amended Complaint. Failure to respond to the Court's Order may result in the dismissal of the action.

IT IS SO ORDERED.


Dated: May 24, 2011

DEAN D. PREGERSON
United States District Judge

5