O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES P. BARAJAS, | ) | Case No. CV 10-07961 DDP (AGRx) |
| Plaintiff, | ) | |
| v. | ) | **ORDER GRANTING DEFENDANTS' MOTION** |
| COUNTRYWIDE HOME LOANS, INC., BAC HOME LOANS SERVICING, LP, MORTGAGE ELECTRONIC REGISTRATION SYSTEM, and DOES 1-10, | ) | **TO DISMISS** |
| Defendants. | ) | [Dkt. No. 25] |
| _____ | ) | |

Presently before the court is the Motion to Dismiss filed by defendants Countrywide Home Loans, Inc. ("Countrywide"), BAC Home Loans Servicing, LP ("BAC"), and Mortgage Electronic Registration Systems, Inc. ("MERS"). Having considered the parties' moving papers, the court grants the motion and adopts the following Order.

**I.  Background**

In 2007, Plaintiff obtained a loan from defendant Countrywide and purchased real property at 6847 Thornlake Avenue, Whittier, California 90606.  (Second Amended Complaint ("SAC") ¶¶ 10-11). Plaintiff executed a Promissory Note in favor of Countrywide and a Deed of Trust listing Countrywide as "Lender" and MERS as "nominee

1  for lender" and "beneficiary."[1]  (SAC ¶¶ 16- 17).  Plaintiff later

2  learned that BAC was the servicer of Plaintiff's loan.  (SAC ¶¶

3  22).

4       Sometime in 2008, Plaintiff began experiencing economic

5  difficulties and sought to renegotiate the terms of his loan.  SAC

6  ¶¶ 76-77).  According to Plaintiff, BAC representatives led him to

7  believe that he "would likely qualify" for a loan modification.

8  (SAC ¶ 79).  However, Plaintiff's requests for a loan modification

9  were ultimately denied.  (SAC ¶¶ 82, 85).

10      Plaintiff alleges that he does not know who currently owns his

11 Note.  (SAC ¶ 38, 44).  Through this action, Plaintiff seeks to

12 "prevent the improper taking and/or foreclosure of his family home"

13 by defendants who no longer own the debt secured by Plaintiff's

14 home and/or lack the right to initiate non-judicial foreclosure

15 proceedings on behalf of the true owners of the debt."  (SAC ¶ 1).

16      In his First, Fourth, and Fifth claims (collectively, the

17 "foreclosure claims"), Plaintiff seeks: (1) a declaration that no

18 defendant has authority to foreclose, (2) to quiet title against

19 BAC, Countrywide, and MERS, and (3) damages for BAC's alleged

20 breach of the implied covenant of good faith and fair dealing in

21 connection with its acquisition of Plaintiff's debt and authority

22 to foreclose.  Plaintiff's Second and Third Claims (collectively,

23 the "misrepresentation claims") allege misrepresentations against

24 BAC in connection with Plaintiff's attempts to obtain a loan

25 modification.  In his Sixth claim, Plaintiff alleges that

26

27 _____

         [1] Plaintiff has not attached any exhibit to this effect, but
28 Defendants have provided this court with the Deed of Trust.  See
   RJN, Exh. A.

1  Defendants violated California Civil Code § 2923.5 and requests
2  that any notice of default be voided and any resulting sale be
3  unwound.   In his Seventh claim, Plaintiff asks that Defendants be
4  disgorged of the illicit profits they amassed as a result of their
5  unfair business practices.   Plaintiff Eighth's claim, is for an
6  accounting to determine the amount due on the loan, if any.

7       In March 2011, Defendants filed a Motion to Dismiss the First
8  Amended Complaint.   After considering the parties' moving papers
9  and oral arguments, this court granted the motion and dismissed the
10 First Amended Complaint without prejudice.   Defendants now move to
11 dismiss the Second Amended Complaint.

12 **II.   Judicial Notice**

13      Defendants request that the court take judicial notice of two
14 documents that are matters of public record: (1) the Deed of Trust
15 regarding the property located at 6847 Thornlake Avenue, Whittier,
16 CA 90606 - the property at issue in this action; and (2) the
17 Assignment of Deed of Trust regarding the property at issue in this
18 action.

19      Under Federal Rule of Evidence 201, a court may take judicial
20 notice of "matters of public record." <u>Mack v. South Bay Beer</u>
21 <u>Distrib.</u>, 798 F.2d 1279, 1282 (9th Cir. 1986).   Consequently, this
22 court GRANTS Defendants' unopposed request for judicial notice.

23 **III. Legal Standard**

24      Under Federal Rule of Civil Procedure 12(b)(6), a complaint is
25 subject to dismissal when the plaintiff's allegations fail to state
26 a claim upon which relief can be granted.   When considering a
27 12(b)(6) motion to dismiss for failure to state a claim, "all
28 allegations of material fact are accepted as true and should be

3

1  construed in the light most favorable to [the] plaintiff." <u>Resnick</u>

2  <u>v. Hayes</u>, 213 F.3d 433, 447 (9th Cir. 2000).

3      In <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1950 (2009), the

4  Supreme Court explained that a court considering a 12(b)(6) motion

5  should first "identify[] pleadings that, because they are no more

6  than conclusions, are not entitled to the assumption of truth."

7  <u>Id.</u>  Next, the court should identify the complaint's "well-pleaded

8  factual allegations, . . . assume their veracity and then determine

9  whether they plausibly give rise to an entitlement to relief."

10 <u>Id.</u>; <u>see also</u> <u>Moss v. U.S. Secret Serv.</u>, 572 F.3d 962, 969 (9th

11 Cir. 2009) ("In sum, for a complaint to survive a motion to

12 dismiss, the non-conclusory factual content, and reasonable

13 inferences from that content, must be plausibly suggestive of a

14 claim entitling the plaintiff to relief" (internal quotation marks

15 omitted)).

16 **III. Discussion**

17      **A.   The Misrepresentation Claims (claims 2 & 3) Fail For Lack
             of Particularity.**

18     To survive a motion to dismiss, a claim for intentional

19 misrepresentation must allege (1) a misrepresentation,(2) knowledge

20 of the falsity,(3) intent to induce another's reliance on the

21 misrepresentation,(4) justifiable reliance, and (5) resulting

22 damages.  <u>Conroy v. Regents of Univ. Of California</u>, 45 Cal.4th

23 1244, 1255 (2009).  A claim for negligent misrepresentation must

24 allege the same elements as intentional misrepresentation to the

25 exception of scienter.  <u>Charnay v. Cobert</u>, 145 Cal.App.4th 170, 184

26 (2006).

27     To comply with Federal Rule of Civil Procedure 9(b), a

28 complaint alleging misrepresentation must state the time, place,

1  and content of misrepresentations, as well as the misrepresenting

2  parties.  <u>Sanford v. MemberWorks, Inc.</u>, 625 F.3d 550, 558 (9th Cir.

3  2010).  The complaint must be sufficiently specific "to give

4  defendants notice of the particular misconduct so that they can

5  defend against the charge."  <u>Id.</u> (quotation, alteration, and

6  citation omitted).

7      In <u>Becker v. Wells Fargo Bank, N.A., Inc.</u>, 2011 WL 1103439,

8  *11 (E.D.Ca.2011), the court held that there was "an obvious

9  difference between a statement that loan modification 'could'

10  happen, and, on the other hand, representing that loan modification

11  'would' happen.  The first is a statement of opinion, the second is

12  a statement of fact that is capable of being fraudulently

13  misrepresented."  <u>Id.</u>  (citing <u>Neu-Visions Sports v.</u>

14  <u>Soren/McAdam/Bartells</u>, 86 Cal.App. 4th 303, 307 (2000)).  In

15  <u>Becker</u>, the court found the First Amended Complaint ("FAC") to be

16  lacking in particularity, as the Plaintiff argued the defendant

17  told him his loans "would be" modified but in other paragraphs

18  stated the defendant told him his loans "could be" modified.  <u>See</u>

19  <u>Id.</u>  As such, the court found the FAC "internally contradictory

20  regarding [the defendant's] alleged representations to plaintiff."

21  <u>Id.</u>  The court stated that since "plaintiff's fraud allegations are

22  inconsistently pleaded with respect to whether his loan merely

23  'could be' modified versus whether it definitely 'would be'

24  modified [,] the FAC fail[ed] to particularly plead facts

25  supporting the 'misrepresentation' element of a fraud cause of

26  action.  <u>Id.</u>

27      Here, like the plaintiff in <u>Becker</u>, Plaintiff inconsistently

28  pleads the misrepresentation element.  On the one hand, Plaintiff

1  states BAC told him in non-equivocal words that he "would qualify"

2  for a loan modification.  SAC ¶¶ 99, 113, 120, 121, 123, 127, 133,

3  137.  But, on the other hand, Plaintiff also pleads that BAC told

4  him he was "likely" eligible for a modification, SAC ¶ 79 & 85,

5  that he "would likely" qualify for a modification, SAC ¶ 80, that

6  he "might be eligible" for a modification, SAC ¶ 84, and that he

7  "may qualify" for a modification[2]. SAC ¶ 87, 119.  Consequently,

8  like in <u>Becker</u>, Plaintiff's SAC is internally contradictory

9  regarding BAC's alleged representations to Plaintiff.  Therefore,

10 as Plaintiff failed to plead the misrepresentation element with the

11 particularity required by Rule 9(b), his claims of intentional and

12 negligent[3] misrepresentations are dismissed.

13      Hence, the court grants the Defendants' Motion to Dismiss on

14 these claims.

15           **B.  The Action to Quiet Title Fails As (1) The SAC is Not
                Verified, (2) Plaintiff Does Not Allege Credible Tender,
                And (3) Plaintiff Admits A Cloud Remains Upon His Title
                To The Property.**

17      To maintain an action to quiet title a plaintiff's complaint

18 must be verified and must include (1) a description of the property

19 _____

20      [2] These later statements  are merely opinions about future
   events upon which a claim of fraud cannot be maintained.  <u>See</u> <u>Neu-</u>
21 <u>Visions Sports v. Soren/McAdam/Bartells</u>, 86 Cal.App. 4th 303, 307
   (2000).

22      [3] Plaintiff also makes the argument that BAC intentionally
23 misrepresented that it had the authority to modify or alter the
   terms of Plaintiff's Note when, in fact, it did not.  <u>See</u> SAC ¶¶
24 115-17.  California Civ. Code § 2923.6 does not impose a duty on
   servicers of loans to modify the terms of loans.  <u>See</u> <u>Farner v.</u>
25 <u>Countrywide Home Loans</u>, No. 08cv2193, 2009 WL 189025 at *2
   (S.D.Cal.2009).  Thus, necessarily implied in Ca. Civ Code § 2923.6
26 is a power from servicers to enter into modification agreements.
   Since, Plaintiff concedes that BAC was the loan servicer at the
27 time of the events in questions, <u>See</u> SAC 139, it follows that BAC
   had the authority to enter into negotiations regarding a possible
28 modification of Plaintiff's loan.  Thus, no fraudulent claim can be
   maintained on that basis.

1  including both its legal description and its street address or
2  common designation; (2) the title of plaintiff as to which
3  determination is sought and the basis of the title; (3) the adverse
4  claims to the title of the plaintiff against which a determination
5  is sought; (4) the date as of which a determination is sought and,
6  if other than the date the complaint is filed, a statement why the
7  determination is sought as of that date; and (5) a prayer for
8  determination of plaintiff's title against the adverse claims.  See
9  Cal. Code Civ. Pro. § 761.020.  The purpose of a quiet title action
10 is to settle all conflicting claims to the property and to declare
11 each interest or estate to which the parties are entitled.  Newman
12 v. Cornelius, 3 Cal.App.3d 279, 284 (1970).  In addition to the
13 required elements for a quiet title action, a borrower cannot quiet
14 title to a Property without discharging any debt owed.  Miller v.
15 Provost, 26 Cal. App.4th 1703 (1994)(holding: a mortgagor of real
16 property cannot, without paying his debt, quiet his title against
17 the mortgagee); see also Aquilar v. Bocci, 39 Cal.App.3d 475 (1974)
18 ("The cloud upon [one's] title persists until the debt is paid").
19      First, the SAC is not verified, as it does not include, among
20 other things, the date at which Plaintiff seeks the title to be
21 quieted.  Therefore, on that basis alone, the claim must be
22 dismissed.
23      Second, Plaintiff alleges that "he is ready, willing, and able
24 to tender his obligation to whoever is entitled to payment of the
25 money."  SAC ¶ 152.  However, in his sixth claim, Plaintiff argues
26 that he has the "ability to tender the full amount to bring his
27 loan current[.]" SAC ¶ 177. (emphasis added).  Therefore, Plaintiff
28 fails to allege credible tender.  Indeed, it is unclear whether

7

1  Plaintiff intends to pay the entire amount due under the note --
2  which is required in an action to quiet title -- or whether he
3  simply intends to bring his loan current.

4      Third, by his own admission, Plaintiff admits that a cloud has
5  been placed upon his title to the property.  SAC ¶¶ 188-89.  So
6  long as a cloud remains, the title to the property cannot be
7  quieted in the Plaintiff's favor.

8      For the above-mentioned reasons, the court grants the
9  Defendants' Motion to Dismiss this claim.

10     **C.   Breach of Covenant of Good Faith and Fair Dealing**

11     "It is universally recognized the scope of conduct prohibited
12 by the covenant of good faith is circumscribed by the purposes and
13 express terms of the contract." <u>Berger v. Home Depot U.S.A., Inc.</u>,
14 476 F.Supp.2d 1174, 1177 (C.D.Cal. 2007).  "[U]nder traditional
15 contract principles, the implied covenant of good faith is read
16 into contracts 'in order to protect the express covenants or
17 promises of the contract, not to protect some general public policy
18 interest not directly tied to the contract's purpose.'" <u>Id.</u>
19 "There is implied in every contract a covenant by each party not to
20 do anything which will deprive the other parties thereto of the
21 benefits of the contract.  This covenant not only imposes upon each
22 contracting party the duty to refrain from doing anything which
23 would render performance of the contract impossible by any act of
24 his [or her] own, but also the duty to do everything that the
25 contract presupposes that he [or she] will do to accomplish its
26 purpose." <u>Poway Royal Mobilhome Owners Ass'n v. City of Poway</u>, 149
27 Cal.App.4th 1460, 1477 (2007)(citations omitted).  "The implied
28 covenant of good faith and fair dealing does <u>not</u> extend beyond the

1  terms of the contract at issue." Id. (emphasis original).

2   Plaintiff contends the Note and Deed are valid contracts

3  necessarily encompassing an implied covenant of good faith and fair

4  dealing.  Assuming, without deciding, that Plaintiff is correct, he

5  concedes that the express terms of the Note did not require

6  Countrywide to discuss, negotiate, or alter the debt obligation.

7  SAC ¶ 167.  Additionally, after reviewing the Deed of Trust, this

8  court was unable to locate any provision therein addressing an

9  obligation from Countrywide, or its successors in interests, to

10  discuss, negotiate, or alter the debt obligation.  See RJN Exh. A.

11  Thus, as neither the Note nor the Deed create an obligation to

12  discuss, negotiate, or alter the obligation, an implied covenant of

13  good faith and fair dealing cannot be found to exist on that point.

14       Since a covenant which does not exist cannot be breached, the

15  Plaintiff fails to state a claim upon which relief can be granted.

16  Consequently, the claim is dismissed.

17       **D.   Violation of California Civil Code § 2923.5**

18       California Civil Code section 2923.5 ("section 2923.5")

19  requires a lender or its agent to attempt to contact a defaulting

20  borrower prior to foreclosure.  Section 2923.5(a)(2) requires a

21  "mortgagee, beneficiary or authorized agent" to "contact the

22  borrower in person or by telephone in order to assess the

23  borrower's financial situation and explore options for the borrower

24  to avoid foreclosure."  Section 2923.5(b) requires a default notice

25  to include a declaration "from the mortgagee, beneficiary, or

26  authorized agent" of compliance with section 2923.5, including an

27  attempt "with due diligence to contact the borrower as required by

28  this section." Id.

1   Plaintiff asserts that "[he] was not contacted by BAC or MERS
2   to assess his financial situation or to explore his options [.]"
3   SAC ¶ 177.  However, Plaintiff also states that "in or about 2008,
4   [he] called the servicer of the Note [...] a representative of
5   BAC," <u>Id.</u> at ¶78, and "on or about [F]all of 2008, the Plaintiff
6   was informed that he qualified and was approved for a trial loan
7   modification." <u>Id.</u> at ¶ 81.  Plaintiff further argues that he
8   "made trial modification payments for 8 months after the trial
9   period expired while he waited for BAC to approve the permanent
10  modification." <u>Id.</u>  Even though BAC denied the Plaintiff's loan
11  modification request, in early 2009, <u>Id.</u> at ¶ 82., Plaintiff
12  continued to seek out a loan modification.  <u>Id.</u> at ¶ 83.  "Again in
13  2009 and 2010, the Plaintiff contacted BAC [to] work out a
14  resolution under the loan agreements." <u>Id.</u>  Each time, Plaintiff
15  contends, he was told he might be eligible for a modification, was
16  required to provide supporting financial information, and saw his
17  requests denied.  <u>Id.</u> at ¶¶ 83-85.  Therefore, by his own
18  admission, Plaintiff had contacts with BAC and had several
19  discussions regarding his financial situation and possible loan
20  modifications.  Consequently, the claim is dismissed.

21  **E.   Violation of California Business and Professions Code
           Section 17200 et. seq.**
22  Section 172000 defines unfair competition as "any unlawful,
23  unfair, or fraudulent business act or practice" and "unfair,
24  deceptive, untrue or misleading advertising." <u>See</u> Cal. Bus. &
25  Prof. Code § 17200.

26  An act is "unlawful" under section 17200 if it violates an
27  underlying state or federal statute or common law.  <u>See</u> <u>Cal-Tech</u>
28  <u>Communications, Inc. v. Los Angeles Cellular Tel. Co.</u>, 20 Cal.4th

163, 180 (1999).  "[When the] cause of action is derivative of some other illegal conduct [...] by a defendant, [...] a plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation.'"  Ngoc Nguyen v. Wells Fargo Bank, N.A., 749 F.Supp.2d 1022 (N.D.Cal. 2010) (citation omitted).  In his SAC, Plaintiff alleges "Defendant's conduct, for the reasons stated herein is in direct violation of Cal. Civ. Code Sections 2924f (c)(2) and 2932.5."  SAC ¶ 180.  First, Plaintiff does not specify which defendant he is referring to.  Second, Plaintiff actually never did explain, other than in general terms, how the conduct of any of the defendants violated the above-mentioned California laws.  Since Plaintiff did not plead facts supporting the statutory elements with reasonable particularity, he cannot rely on the "unlawful" prong of section 17200.  Consequently, this part of the claim is dismissed.

An act is "unfair" if the act "threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law."  Cal-Tech Communications, Inc., at 187.  A practice is "false or misleading" if "members of the public are likely to be deceived."  See Chern v. Bank of America, 15 Cal.3d 866, 876 (1976).  "[A] plaintiff alleging unfair business practices under the unfair competition statutes 'must state with reasonable particularity the facts supporting the statutory elements of the violation.'"  Silicon Knights, Inc. V. Crystal Dynamics, Inc., 983 F.Supp. 1303, 1316 (N.D.Cal.1997) (quoting Khoury v. Maly's of California, 14 Cal.App.4th 612, 619 (1993)).  Once more, instead of pleading facts with reasonable particularity, Plaintiff simply

11

1  provides this court with conclusory statements and general

2  allegations.  For example, Plaintiff argues that Defendants engaged

3  in deceptive business practices by "[v]iolating the Security First

4  Rule."  SAC § 183.  Plaintiff, however, does not even attempt to

5  provide facts showing that such a violation occurred; rather he

6  simply hands the court a bare conclusion.  As a result, this part

7  of the claim is insufficiently pled, and is dismissed.

8       To the extent that plaintiff's § 17200 claim is predicated on

9  the "fraudulent" prong of the UCL, it is subject to dismissal for

10 failure to state a claim.  Although fraud is not an essential

11 element of a claim under § 17200, allegations of fraudulent conduct

12 must nevertheless satisfy the heightened pleading requirements of

13 Rule 9(b).  See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107

14 (9th Cir.2003)(the heightened pleading standards of Rule 9(b) apply

15 to allegations of fraud and allegations that sound in fraud,

16 including false misrepresentations); see also Meridian Project

17 Sys., Inc. V. Hardin Constr. Co., LLC, 404 F.Supp.2d 1214, 1219

18 (E.D.Cal.2005)("It is well settled in the Ninth Circuit that

19 misrepresentation claims are a species of fraud, which must meet

20 Rule 9(b)'s particularity requirement."); Neilson v. Union Bank of

21 Cal., N.A., 290 F.Supp.2d 1101, 1141 (C.D.Cal.2003)("It is well-

22 established in the Ninth Circuit that both claims for fraud and

23 negligent misrepresentation must meet Rule 9(b)'s particularity

24 requirements"); Perdiguerra v. Meridas Capital, Inc., 2010 WL

25 395932 at *8 (N.D.Cal.Feb.1,2010) (claim under "fraudulent" prong

26 of UCL requires showing of reliance and heightened particularity

27 standard required for fraud).  A court may dismiss a claim

28 grounded in fraud when its allegations fail to satisfy Rule 9(b)'s

1   heightened pleading requirements.  <u>Vess</u>, 317 F.3d at 1107.  In

2   other words, plaintiff must include "the who, what, when, where,

3   and how" of the fraud, <u>Vess</u>, 317 F.3d at 1106 (citations omitted),

4   and "set forth specific descriptions of the misrepresentations

5   made, [and] the reasons for their falsity."  <u>Blake v. Dierdorff</u>,

6   856 F.2d 1365, 1369 (9th Cir. 1988).  Plaintiff alleges that

7   Defendants engaged in "fraudulent business act[s] or practice[s],"

8   SAC § 182, but fails to plead facts supporting his assertions.

9   Consequently, this part of the claim is dismissed.

10       For the aforementioned reasons, this cause of action is

11  dismissed.

12       **F.   The Accounting Claim Fails Since (1) The Amount Can Be
             Made Certain Without An Accounting; and (2)It Is The**
13           **Plaintiff Who Owes Money To The Defendants.**

14       Under California law, an accounting is generally a remedy

15  under equity.  <u>See</u> <u>*Batt v. City & County of San Francisco*</u>, 155

16  Cal.App.4th 65, 82 (2007).  In certain cases, an accounting can be

17  a cause of action.  "A cause of action for an accounting requires a

18  showing that a relationship exists between the plaintiff and

19  defendant that requires an accounting, and that some balance is due

20  the plaintiff that can only be ascertained by an accounting."

21  <u>Tesselle v. Mcloughlin</u>, 173 Cal.App.4th 156, 179 (2009) (citations

22  omitted).  An action for an accounting is not available where the

23  plaintiff alleges the right to recover a sum certain or a sum that

24  can be made certain by calculation.  <u>St. James Church of Christ</u>

25  <u>Holiness v. Superior Court</u>, 135 Cal.App.2d 352, 359, (1955).

26  First, Plaintiff argues he "paid BAC his mortgage payments for a

27  period of approximately two years."  SAC ¶ 193.  Plaintiff also

28  alleges that "the amount due from Defendants [...] is unknown and

                                      13

1 cannot be ascertained without an accounting [.]"  Id. at ¶ 194.

2 However, like in St. James Church of Christ Holiness, the amount

3 purportedly owed can be made certain by a calculation.  To be sure,

4 Plaintiff is undoubtedly aware of the time at which he started

5 making payments to BAC and when he ended them.  Therefore,

6 Plaintiff is capable of looking at his own records and bank

7 statements to calculate the amount that is allegedly owed to him.

8 Hence, an accounting is not an appropriate remedy.

9 Second, it is clear from the record that it is Plaintiff who owes

10 money to the Defendants, not the contrary.  Therefore, as Plaintiff

11 is not owed any money, he cannot maintain an action for an

12 accounting.

13    Lastly, Plaintiff's claim against MERS and DOES fails as he does

14 not allege any facts as to these Defendants.

15 For the aforementioned reasons, the Motion to Dismiss is GRANTED on

16 this claim as to all defendants.

17       **G.   The Claim For Declaratory Relief Fails As Tender Is Not**
            **Alleged.**

18       "When a debtor is in default of a home mortgage loan, and a

19 foreclosure is either pending or has taken place, the debtor must

20 allege credible tender of the amount of the secured debt to

21 maintain any cause of action for wrongful foreclosure." Alicea v.

22 GE Money Bank, 2009 WL 2136969 *3 (N.D. Cal. 2009).  The tender

23 requirement spares courts from being called upon to "order a

24 useless act performed" in cases where plaintiffs would be unable,

25 even under proper sale procedures, to redeem a property. FPCI RE-

26 HAB 01 v. E & G Investments, Ltd., 207 Cal.App.3d 1018, 1021-22

27 (1989).

28       The Plaintiff is correct that an allegation of tender is not

1  required from a plaintiff raising a claim under California Code

2  Section 2923.5.  Das v. WMC Mortgage Corp., 2010 WL 4393885 *2

3  (N.D. Cal. 2010).  However, as outlined in section "III. D." of

4  this Order, Plaintiff's 2923.5 claim is unsuccessful and, thus,

5  cannot be relied upon to obtain Declaratory Relief.  Consequently,

6  Plaintiff, here, is required to alleged tender to sustain his

7  claim.  Since he has not done so, Plaintiff's request for

8  Declaratory Relief is denied.

9      As a result, the court grants the Defendants' Motion to

10  Dismiss this claim.

11  **IV.  Conclusion**

12      For the reasons stated above, Defendants' Motion to Dismiss is

13  granted with respect to all claims and against all Defendants.

14

15  IT IS SO ORDERED.

16

17

18  Dated: February 24, 2012

19                                    DEAN D. PREGERSON
                                      United States District Judge

20

21

22

23

24

25

26

27

28

15